BLD-084                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2890
_____

MARCUS L. WALLACE,
                                        Appellant

v.

PATRIOT FEDERAL CREDIT UNION,
FARMERS & MERCHANTS TRUST COMPANY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 1:21-cv-00406)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 7, 2024
Before:  BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: March 18, 2024)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Marcus Wallace, a Pennsylvania state inmate proceeding pro se and in forma pauperis, appeals from orders of the District Court dismissing his claims for lack of subject matter jurisdiction. For the reasons that follow, we will summarily affirm the District Court's judgment.

In his operative amended complaint, Wallace sought a court order directing Patriot Federal Credit Union ("PFCU") and Farmers and Merchants Trust Company ("F&M") to disclose bank records relating to any accounts or instruments held in Wallace's name or in the name of his deceased father. Wallace asserted that he had a legal right to such records as his father's "son and only surviving lineal progenitor." D.Ct. ECF No. 31 at 2. The District Court dismissed Wallace's action, concluding that it lacked subject matter jurisdiction.[1] Wallace appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal for lack of subject matter jurisdiction. See Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 180 (3d Cir. 2008); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm a district court's decision if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

---

[1] PFCU filed a motion to dismiss. In ruling on that motion, the District Court concluded that it lacked subject matter jurisdiction and accordingly dismissed the claims against PFCU. See D.Ct. ECF Nos. 47, 51. As to F&M, who was never served, the District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). It again concluded that it lacked subject matter jurisdiction over Wallace's claims against F&M and dismissed the action. See D.Ct. ECF Nos. 57, 61.

2

The District Court correctly determined that it lacked subject matter jurisdiction over Wallace's claims. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction."). It is apparent from Wallace's filings in both the District Court and on appeal that his allegations do not form any basis for federal question jurisdiction.[2] See 28 U.S.C. § 1331. There is also no basis for diversity jurisdiction, as Wallace's filings indicate that all parties are citizens of Pennsylvania. See 28 U.S.C. 1332(a);[3] Mennen Co. v. Atl. Mut. Ins. Co., 147 F.3d 287, 290 (3d Cir. 1998) ("[J]urisdiction [under § 1332] is lacking if any plaintiff and any defendant are citizens of the same state.").

Accordingly, we will summarily affirm the judgment of the District Court dismissing Wallace's action for lack of subject matter jurisdiction. As noted by the District Court, Wallace "may bring these claims in state court." D.Ct. ECF No. 57 at 11.

---

[2] Although Wallace's amended complaint references the federal Right to Financial Privacy Act, 12 U.S.C. § 3401 et seq., that Act governs the disclosure of financial records to government agencies, and is inapplicable to the relief sought by Wallace. As such, it does not confer federal question jurisdiction over his claims for relief. Nor does Wallace's unsupported assertion that a predecessor bank to PFCU was located on an Army installation confer federal question jurisdiction. Rather, Wallace's amended complaint explicitly relies on state law to assert an entitlement to relief. See D.Ct. ECF No. 31 at 3 (claiming a "legal interest [in the records sought] under PA Uniform Commercial code under 13 Pa. C.S. §§ 3401-4413").

[3] Further, a review of PFCU's webpage reveals that it is "headquartered in the [C]ommonwealth of Pennsylvania." About Patriot - Patriot Federal Credit Union (patriotfcu.org) (last visited February 28, 2024). Even were the parties to be citizens of different states, there is no indication that the amount in controversy exceeds $75,000.